No. 9672.

## WADE R. YOUNG VS. STEPHEN DUNCAN, ET AL.

This Court has no jurisdiction of a suit instituted to have an attorney's privilege for his fee for less than $2000 recognized on a judgment exceeding that sum.

APPEAL from the Ninth District Court, Parish of Tensas. R. Lewis, Judge ad hoc.

Plaintiff *in propria persona*, Appellee.

*Kennard, Howe & Prentiss*, and *Steele & Garrett*, for Defendant and Appellant :

1. The matter in dispute is the existence, interpretation and effect of an alleged judgment in reconvention for $5400, the right of Duncan to have the rules of compensation applied to it, and the right of plaintiff to enjoin with reference to that judgment. The judgment is indivisible; the plaintiff seeks and has obtained an injunction with reference to the whole of it, and the consideration of the dispute requires a consideration of the judgment as a whole. The value of the rights of Duncan in the premises, which plaintiff seeks to enjoin and destroy, is $5400; and if the alleged judgment be considered as a fund, it is a fund of $5400. 37 Ann. 7; 34 Ann. 201; 31 Ann. 297; 35 Ann. 206.

2. The opinion heretofore rendered should be maintained, for the reason therein given. Both this case and No. 9663 were before the Court at the same time, the counsel the same, and an alleged judgment in that the foundation of this. See Day vs. N. O. P. Ry. Co., 37 Ann. 131.

3. The judgment in this cause should be reversed.

(a) An injunction cannot be to restrain a creditor from compensating a claim of his debtor, with a claim of his own, under the circumstances here shown. As well might one enjoin the rising of the sun, or enjoin the Civil Code. The compensation acts, *pleno jure*, and even without the knowledge of the debtors, and relates back to the simultaneous existence of the debts. Dig. 16, 2; Larombiere on Ob., vol. 3, pp. 616, 618. No defendant could obey such an injunction, for the compensation would take effect in spite of any effort at obedience.

(b) The alleged judgment of $5400, in favor of Wise against Duncan, never had any existence. as claimed by plaintiff. The moment judgment was given in favor of Duncan against Wise, for about $17,500, and for Wise in reconvention for $5400, the effect was the same as if a balance had been struck and judgment given for Duncan for that balance C. P. 369; Levy vs. Roos, 32 Ann. 1029. Duncan owed Wise nothing, and there was nothing for plaintiff's claim to operate on.

(c) Wise is admitted to be insolvent, and to make Duncan pay his lawyer would be irrational and unjust. Illustrations given.

(d) The claim of plaintiff that he is a third person, to whose prejudice compensation cannot take [place, is unfounded. R. C. C. 2215; C. N. 1298, prohibit compensation only to a debtor who has become a creditor after the right of a third person has attached. Duncan was a creditor of Wise before plaintiff was even employed, and had his judgment before or at least at the time of the judgment in reconvention. Duncan does not, therefore, come within either the letter or the spirit of the Art 2215.

## ON REHEARING.

The opinion of the Court was delivered by

TODD, J. Further reflection has satisfied us that this case is not within our jurisdiction.

This is a suit to have recognized and enforced a privilege for $1650 on a certain judgment described in the pleading.

It was accompanied by an injunction, taken out against the judgment debtor, to prevent him from paying, compensating or in any manner extinguishing 'the judgment on which the privilege was claimed. The judgment in question exceeds the sum of $2000.

If the suit was simply to recover a debt of $1650, of course it would not be contended by any one that such a suit would be within the jurisdiction of this court. The privilege claimed does not enlarge the demand, but is exactly commensurate with it, nor is it affected by the injunction, since it is only invoked as a means of the preservation and enforcement of the privilege. The petition for its issuance contains no demand for money in the way of damages or otherwise; nor does it enjoin the party from doing or omitting to do anything which would cost him a single dollar. As stated, it is simply and purely a suit to enforce a privilege on a judgment exceeding in amount the privilege claimed.

It does not seek to alter or annul that judgment to any extent.

If this were a suit to enforce the vendor's, lessor's or any other kind of a privilege, though the action might be directed against property ten or a hundred-fold greater in value than the amount of the demand, there could be no possible pretense that the value of the property

could invest this court with jurisdiction. It is not contended that there is anything in the nature or character of a judgment that puts it on a different footing from other property. So far as relates to the question as presented in this case, the fact that it is a judgment is of no significance whatever. A judgment may be the subject of a privilege, and it may be seized and sold to satisfy it, like any other property.

The question of jurisdiction here presented is very analagous to that involved in a revocatory action. The creditor in such action has no privilege on the property against which the action is directed, but he has something that it is equivalent to it; he asserts the right to have the sale of the property revoked in order that his debt may be paid out of it, and the property declared subject to his debt. In such an action it has been repeatedly held that the jurisdiction of this court is not determined by the value of the property, which is sought to be reached by the creditor, but by the amount of his demand.

So where as in this instance a creditor is seeking to save his debt by fastening a privilege on property exceeding the value of his debt, the jurisdiction of this court is determined not by the value of the property, but by the amount of the debt claimed.

But as a conclusive test of this matter, suppose that Mr. Duncan, the defendant in the suit, either before or after its institution had stepped forward and paid to Mr. Young the plaintiff the amount of his demand, say $1650, would it not have extinguished his demand in toto, and left surviving to him no right or cause of action whatever in whole or in part? There can be but one answer to this question.

It thus plainly appears that this court has no jurisdiction over the controversy.

It is therefore ordered, adjudged and decreed, that the decree of this court heretofore rendered in this cause be annulled and set aside, and it is now adjudged and decreed that the appeal be dismissed, at the cost of the appellant.

---

Note of the Reporter: In this case the original opinion and decree having been set aside are, under the rule of the Court, not reported.